WENTWORTH, Judge,
dissenting.
I respectfully disagree with the majority’s conclusion that the record supports the trial court’s determination that appellant violated the community control order. The record shows that appellant was placed on community control for sixty days commencing July 17, 1983. This sixty-day period was to run consecutive to a sixty-day period which was imposed for a separate offense. The order required that appellant comply with the following special conditions which are pertinent to this appeal:
(j) Contribute 40 hours to Youth Services Work Program (20 hours each case) and complete 20 hours first 60 days.
(k) Obey all lawful and reasonable rules of mother and counselor.
On August 5, 1983, appellant’s youth services counselor filed a petition alleging violation of the above two conditions in that:
[l] Said child did not show up to the Youth Services work site as she was instructed on July 23, and 30, 1983.
[2] Said child was sent to the Youth Services Work Program by her mother on July 30, 1983, and failed to show up.
At the hearing on the petition alleging violation, the state presented the testimony of appellant’s mother and her youth services’ counselor. Her mother’s testimony does not support either of the allegations. Appellant’s counselor testified that appellant did not show up for work on July 23 or 30. The counselor further testified that appellant was supposed to go to work every Saturday, but there was no evidence that appellant was ever so instructed by either the counselor or her mother, and that requirement is clearly not contained in the community control order. On the contrary, the order requires only that 20 hours of service be performed within the sixty-day period. It does not specify that those 20 hours be served on a particular day of the week, and at the time of the revocation proceeding appellant had approximately six more weeks (much of it during summer vacation) in which to fulfill the work service requirement.
In short, there was no evidence to support a finding of violation on the basis of *707 the second allegation; that is, there was no evidence that appellant failed to obey her mother’s order, and there was no evidence that appellant was instructed to show up at the work site on July 23 and 30. There was evidence that appellant did not in fact show up at the work site on those days. However, absent a showing that she was on notice that such attendance was required, basic notions of due process and fundamental fairness preclude revocation based solely on that ground. I would therefore reverse.